T.C. Memo. 2012-140

UNITED STATES TAX COURT

DAVID P. DURDEN AND VERONDA L. DURDEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17441-09.                           Filed May 17, 2012.

David P. Durden and Veronda L. Durden, pro sese.

<u>Brock E. Whalen</u>, for respondent.

MEMORANDUM OPINION

COHEN, <u>Judge</u>:  Respondent determined a deficiency of  $7,552 and an

accuracy-related penalty of $1,510.40 with respect to the 2007 jointly filed income

tax return of petitioners.  After concessions, including respondent's concession of

the accuracy-related penalty, the issue for decision is whether petitioners are

entitled to a deduction for charitable contributions of more than $250 made to their church. This issue is before the Court on respondent's motion for summary judgment pursuant to Rule 121. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Background

Petitioners resided in Texas at the time their petition was filed. During 2007, Mr. Durden was employed as an administrator by the Texas Department of Insurance and Ms. Durden was employed as an administrator by the Texas Department of Aging and Disability Services.

Petitioners timely filed their 2007 joint income tax return. On their attached Schedule A, Itemized Deductions, petitioners claimed a deduction of $25,171 for charitable contributions made by cash or check. Most of the contributions were made by check to petitioners' church, Nevertheless Community Church (NCC). Except for five checks totaling $317, the checks petitioners wrote to NCC were for amounts larger than $250. NCC is a section 501(c)(3) organization and is eligible to receive tax-deductible contributions under section 170(c)(2).

On April 13, 2009, respondent sent a notice of deficiency disallowing petitioners' claimed charitable contribution deductions for 2007. In response,

petitioners produced records of their contributions, including copies of canceled checks and a letter from NCC dated January 10, 2008, which acknowledged contributions from them during 2007 totaling $22,517 (first acknowledgment). Respondent did not accept the first acknowledgment and informed petitioners that it lacked a statement regarding whether any goods or services were provided in consideration for the contributions.

Petitioners obtained a letter from NCC dated June 21, 2009 (second acknowledgment), that contained the same information found in the first acknowledgment as well as a statement that no goods or services were provided to them in exchange for their contributions.

## Discussion

Under Rule 121, a summary adjudication may be made "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). No material facts are in dispute in this case, and judgment may be rendered as a matter of law.

Section 170(a)(1) allows a deduction for contributions to charitable organizations defined in section 170(c). Section 170(f)(8) provides substantiation

requirements for certain charitable contributions.  Specifically, section 170(f)(8)(A)

provides:  "No deduction shall be allowed under subsection (a) for any contribution

of $250 or more unless the taxpayer substantiates the contribution by a

contemporaneous written acknowledgment of the contribution by the donee

organization that meets the requirements of subparagraph (B)."

For donations of money, the donee's written acknowledgment must state the

amount contributed, indicate whether the donee organization provided any goods or

services in consideration for the contribution, and provide a description and good

faith estimate of the value of any goods or services provided by the donee

organization.  See sec. 170(f)(8)(B); sec. 1.170A-13(f)(2), Income Tax Regs.  A

written acknowledgment is contemporaneous if it is obtained by the taxpayer on or

before the earlier of:  (1) the date the taxpayer files the original return for the taxable

year of the contribution or (2) the due date (including extensions) for filing the

original return for the year.  Sec. 170(f)(8)(C); sec. 1.170A-13(f)(3), Income Tax

Regs.

Respondent argues that petitioners are not entitled to a deduction for the

charitable contributions of $250 or more made to NCC during 2007 because neither

the first nor the second acknowledgment from NCC satisfied the requirements of

section 170(f)(8). Respondent contends that the first acknowledgment failed because it did not include a statement regarding whether any goods or services were provided to petitioners in consideration for their contribution and the second acknowledgment, which included the statement, was not contemporaneous.

Petitioners concede that they have not strictly complied with the statute. They argue, however, that they have substantially complied with the statute and are entitled to the claimed deductions.

In deciding this matter, we focus on whether petitioners' first acknowledgment, which the parties agree was contemporaneous, complied with the substantiation requirements of section 170(f)(8)(B). The second acknowledgment was not contemporaneous, and we do not consider it. See sec. 170(f)(8)(C).

The doctrine of substantial compliance is designed to avoid hardship in cases where a taxpayer does all that is reasonably possible, but nonetheless fails to comply with the specific requirements of a provision. Samueli v. Commissioner, 132 T.C. 336, 345 (2009). This Court has held that "substantial rather than literal compliance may be sufficient to substantiate a charitable contribution deduction in certain instances." See Consol. Investors Grp. v. Commissioner, T.C. Memo. 2010-158.

Most often we have found substantial compliance in cases that involved procedural regulatory requirements where, despite a lack of strict compliance, the taxpayer substantially complied by fulfilling the essential statutory purpose. See, e.g., Bond v. Commissioner, 100 T.C. 32, 41-42 (1993) (although the taxpayers did not attach an appraisal summary to their tax return as required by regulations, they substantially complied with section 170 where virtually all required information was found on their attached Form 8283, Noncash Charitable Contributions); Consol. Investors Grp. v. Commissioner, T.C. Memo. 2010-158 (the taxpayer substantially complied with regulations under section 170 regarding a written appraisal for a contribution of property where the information provided to the Commissioner, although lacking in strict compliance with the regulatory requirements, was sufficient to permit evaluation of the contribution).

The essential statutory purpose of the contemporaneous written acknowledgment required by section 170(f)(8) is to assist taxpayers in determining the deductible amounts of their charitable contributions and to assist the Internal Revenue Service in processing tax returns on which charitable contribution deductions are claimed. See Hewitt v. Commissioner, 109 T.C. 258, 265-266 (1997), aff'd without published opinion, 166 F.3d 332 (4th Cir. 1998); DiDonato v.

<u>Commissioner</u>, T.C. Memo. 2011-153; H.R. Rept. No. 103-111, at 783, 785 (1993), 1993-3 C.B. 167, 359, 361.

Petitioners contend that they have fulfilled the essential statutory purpose even though their written acknowledgment does not include a statement regarding whether goods or services were provided in consideration for the contributions, as required by section 170(f)(8)(B)(ii). We have previously held that the specific statement is necessary for the allowance of a charitable contribution deduction. <u>See</u> <u>Friedman v. Commissioner</u>, T.C. Memo. 2010-45; <u>Kendrix v. Commissioner</u>, T.C. Memo. 2006-9.

Petitioners argue, in effect, that section 170(f)(8)(B) provides only "safe harbor" requirements in relation to the content of a written acknowledgment and does not establish the exclusive means by which a written acknowledgment may be deemed sufficient. This argument, however, fails to take into account the plain language of the preceding section 170(f)(8)(A), which states: "No deduction shall be allowed * * * for any contribution of $250 or more unless the taxpayer substantiates the contribution by a contemporaneous written acknowledgment of the contribution by the donee organization <u>that meets the requirements of subparagraph</u> <u>(B)</u>." (Emphasis added.) By referencing the requirements in section 170(f)(8)(B), one of which is that a statement is required regarding whether goods or services

were provided in consideration for the contribution, section 170(f)(8)(A) makes the satisfaction of these requirements mandatory for a written acknowledgment properly to substantiate a charitable contribution.

Petitioners argue that the first acknowledgment was sufficient to enable a determination of their contribution amounts because their contributions were of cash and not of property that must be valued. Petitioners cite no caselaw in support of this position, and we have found none. Neither the statute nor its legislative history makes any distinction for purposes of substantiation between contributions of cash and those of property.

Even if contributions are of cash, such as petitioners', the statement regarding whether goods or services were provided is necessary to determine the deductible amount of the contributions. Petitioners' first acknowledgment stated the amount of their cash contributions to NCC for 2007 but included no statement indicating whether goods or services were provided to petitioners. It is impossible to determine from the amounts reported (or the checks produced) whether, for example, petitioners' payments were for meals or other goods or services provided by the church. Therefore, the first acknowledgment does not provide enough information to determine the deductible amount of petitioners' contributions.

Petitioners also argue that the omission of a statement regarding goods or services in the first acknowledgment was sufficient to indicate that no goods or services were provided in consideration for their contributions. The express terms of the statute require an affirmative statement. In addition, the legislative history of section 170(f)(8) confirms: "If the donee organization provided no goods or services to the taxpayer in consideration of the taxpayer's contribution, the written substantiation is required to include a statement to that effect." H.R. Conf. Rept. No. 103-213, at 565 n.30 (1993), 1993-3 C.B. 393, 443.

Petitioners further contend that respondent should be required to consider information beyond that found in the first acknowledgment to determine whether petitioners received any goods or services as consideration. Petitioners cite Addis v. Commissioner, 118 T.C. 528 (2002), aff'd, 374 F.3d 881 (9th Cir. 2004), as an example of a case where the Commissioner looked to information beyond what was found in the written acknowledgment. In Addis, a charitable organization gave the taxpayers a written acknowledgment stating that no goods or services had been provided in consideration for a large cash contribution. The Commissioner investigated further and learned that the taxpayers actually had been provided with services by the charitable organization and that the value of the services had been

intentionally misrepresented on the written acknowledgment. As a result, the taxpayers' charitable contribution deduction was disallowed.

This case is distinguishable. In <u>Addis</u>, the written acknowledgment contained all the statutorily required information although it was ultimately determined that the acknowledgment did not include a good faith estimate under section 170(f)(8). In contrast, petitioners' written acknowledgment lacks essential information required by the statute. Nothing in the statute or legislative history requires respondent to look beyond the written acknowledgment when on its face the acknowledgment fails to provide the information required to substantiate a charitable contribution deduction.

Petitioners have failed strictly or substantially to comply with the clear substantiation requirements of section 170(f)(8), and their deduction for the charitable contributions in issue for 2007 must be disallowed.

To reflect the foregoing,

<u>An appropriate order will be issued granting respondent's motion for summary judgment, and decision will be entered under Rule 155</u>.