# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 29, 2022

Lyle W. Cayce
Clerk

No. 21-60679

JOE ALFRED IZEN, JR.,

*Petitioner—Appellant*,

*versus*

COMMISSIONER OF INTERNAL REVENUE,

*Respondent—Appellee*.

Appeal from a Decision of the
United States Tax Court
Tax Court No. 28358-12

Before HIGGINBOTHAM, HAYNES, and WILSON, *Circuit Judges*.
PER CURIAM:

Joe Alfred Izen, Jr. appeals the denial of an income tax deduction he claimed for a charitable donation of an aircraft. Because Izen failed to comply with the statutory requirements for such a deduction, we affirm the judgment of the Tax Court.

**I.**

In 2012, the Commissioner of Internal Revenue notified Izen that he had deficiencies for the 2009 and 2010 tax years. Izen petitioned for a redetermination by the Tax Court. In 2014, Izen filed an amended petition

No. 21-60679

and, for the first time, argued that he was entitled to a deduction of $338,080 for the charitable donation of his 50% interest in an airplane to the Houston Aeronautical Heritage Society (the "Society").

On January 23, 2016, Izen moved for summary judgment, seeking a declaration that he was entitled to the deduction. On March 9, 2016, the Tax Court denied Izen's motion, concluding that material fact issues remained. Izen then moved for leave to file a second amended petition and he filed an amended tax return for 2010 on IRS Form 1040X, attaching further materials to support his claimed deduction. The Tax Court ordered the Commissioner to respond to Izen's motion, and on May 27, 2016, the Commissioner responded and moved for partial summary judgment as to the deduction, arguing that Izen failed to comply with 26 U.S.C. § 170(f). Izen filed a second motion for summary judgment on July 19, 2016, arguing that his Form 1040X established that he was entitled to the deduction.

The Tax Court determined that Izen was not entitled to the deduction, denying his motion for partial summary judgment and granting partial summary judgment to the Commissioner.[1] After stipulations between the parties that resolved the remaining issues, the Tax Court then entered a final decision determining that Izen had deficiencies of $13,060 for 2009 and $56 for 2010. Izen timely appealed to this Court, challenging only the denial of a deduction for his donation of his interest in the plane.

## II.

We have jurisdiction to review decisions of the Tax Court under 26 U.S.C. § 7482. We review *de novo* the Tax Court's grant of summary

---

[1] *Izen v. Comm'r*, 148 T.C. 71 (2017).

No. 21-60679

judgment.[2] Summary judgment is appropriate if "there is no genuine dispute as to any material fact and [ ] a decision may be rendered as a matter of law."[3] "We review the Tax Court's interpretation of the applicable law and statutes *de novo*."[4]

## III.

Section 170 of the Internal Revenue Code governs deductions for charitable contributions.[5] Section 170(f)(8) sets out substantiation requirements for certain contributions and § 170(f)(12) sets out further rules for the contributions of qualified vehicles. To claim a charitable contribution deduction, a taxpayer must substantiate the validity of the donation and its valuation.[6] Where the contribution's value exceeds $5,000, the taxpayer must also provide a qualified appraisal.[7] For a contribution of a qualified vehicle, including airplanes, whose value exceeds $500, the taxpayer must provide contemporaneous written acknowledgment from the donee organization of the contribution, including the name and taxpayer identification number of the donor.[8] An acknowledgment is contemporaneous if it is provided by the donee organization within thirty

---

[2] *Jones v. Comm'r*, 338 F.3d 463, 466 (5th Cir. 2003).

[3] Tax. Court R. Prac. & Proc. 121(b).

[4] *Ragan v. Comm'r*, 210 F.3d 514, 517 (5th Cir. 2000).

[5] 26 U.S.C. § 170.

[6] *Id.* § 170(f)(8).

[7] *Id.* § 170(f)(11)(C).

[8] *Id.* § 170(f)(12)(B).

No. 21-60679

days of the contribution.[9] Further, the donee organization must provide the IRS with the information contained in the acknowledgement.[10]

The Commissioner was entitled to summary judgment as Izen was disallowed from claiming the deduction as a matter of law. Izen failed to provide a contemporaneous written acknowledgment from the donee organization that satisfied the requirements of 26 U.S.C. § 170(f)(12)(B).

Section 170(f)(12)(A)(i) disallows the deduction unless the requisite contemporaneous written acknowledgment is included in the tax return claiming the deduction. Here, we look to Izen's Form 1040X, as that was the first tax return where Izen claimed the deduction.

Izen did not provide a satisfactory contemporaneous written acknowledgement with his Form 1040X. Izen included a letter dated December 30, 2010 from the Society discussing the donation of the airplane, but the letter was addressed to Philippe Tanguy, not Izen. The letter does not mention Izen and does not provide his taxpayer identification number. The letter cannot substantiate the contribution of the airplane under § 170(f)(12)(B)(i).[11] Izen also included a copy of the donation agreement between him, Tanguy, and the Society, but the agreement fails to satisfy § 170(f)(12)(B)(i) as it lacks Izen's taxpayer identification number. Finally,

---

[9] *Id.* § 170(f)(12)(C).

[10] *Id.* § 170(f)(12)(D).

[11] Izen asks us to also examine a different letter from the Society, addressed to him but not attached to his Form 1040X, the relevant filing for our analysis. Because this alternate letter was not attached to Izen's Form 1040X, we cannot consider it; even if we could, it similarly lacks his taxpayer identification number.

No. 21-60679

Izen attached a Form 8283 to his Form 1040X, but the Form 8283 did not include his taxpayer number.[12]

Izen argues that he substantially complied with the requirements and that the documents he provided should be read together with the return to substantiate his claimed deduction. The doctrine of substantial compliance may support a taxpayer's claim where he or she acted in good faith and exercised due diligence but nevertheless failed to meet a *regulatory* requirement.[13] We cannot accept the argument that substantial compliance satisfies *statutory* requirements.[14] Congress specifically required the contemporaneous written acknowledgment include the taxpayer identification number, but that is lacking here.[15]

**IV.**

We AFFIRM the judgment of the Tax Court, which denied Izen's partial motion for summary judgment, granted the Commissioner's partial

---

[12] Further, Izen's Form 8283 was not a contemporaneous written acknowledgment by the donee organization as it was not signed by the Society until 2016, well past thirty days of the donation. Izen argues that a written acknowledgement is contemporaneous if produced within thirty days of the filing, but this argument conflicts with the clear statutory definition. Under 26 U.S.C. § 170(f)(12)(C), an acknowledgment is contemporaneous if it is provided by the donee organization within thirty days of the contribution. Section 170(f)(12)(C) does not reference the timing of the taxpayer's filing.

[13] *McAlpine v. Comm'r*, 968 F.2d 459, 462 (5th Cir. 1992).

[14] *See Addis v. Comm'r*, 374 F.3d 881, 887 (9th Cir. 2004) (holding that the plain language of 26 U.S.C. § 170(f)(8) required a total denial of a charitable deduction where the taxpayer failed to comply with the statute; § 170(f)(8) is substantially similar to the provisions of § 170(f)(12) at issue here). *See also French v. Comm'r of Internal Revenue*, 111 T.C.M. (CCH) 1241 (2016) ("The doctrine of substantial compliance does not apply to excuse compliance with the strict substantiation requirements of section 170(f)(8)(B).").

[15] American Jobs Creation Act of 2004, Pub. L. 108-357, § 884, 118 Stat. 1418, 1633–34 (2004).

motion for summary judgment, and ultimately granted a final judgment in the Commissioner's favor.