IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| LARRY A. RODGERS<br>and PATTI A. RODGERS, | ) | |
| | ) | |
| Plaintiffs, | ) | TC-MD 240650R |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE,<br>State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

Plaintiffs appealed Defendant's Conference Decision Letter, dated September 18, 2024, for the 2020 tax year.  (Ans at 1.)  On January 2, 2025, a case management conference was held at which the parties agreed to proceed by summary judgment.  The parties agreed to file a joint statement of facts by February 7, 2025, and briefs by March 3, 2025.  The agreement was memorialized by a journal entry entered on January 7, 2025.  On January 31, 2025, the court granted Defendant's request for additional time to file briefs by March 17, 2025.  The parties filed stipulated facts on February 10, 2025, and Defendant filed its brief on February 11, 2025.  The court did not receive a brief for Plaintiffs.

## I.  STATEMENT OF FACTS

The following facts are derived from the parties' joint statement of facts.  During the 2020 tax year, Plaintiffs donated $21,160 to Full Gospel Church of Sweet Home (the church) and claimed this amount as a charitable contribution on their 2020 tax return.  They timely filed their income tax return on April 27, 2021.[1]  During the audit, Plaintiffs provided an acknowledgment

---

[1] Pursuant to Director's Order 21-01, the 2020 individual income tax filing deadline was extended from April 15 to May 17, 2021, due to the Covid-19 pandemic.

statement from the church. However, the statement lacked: (1) the date it was issued to Plaintiffs, and (2) a statement clarifying whether the church provided goods or services in consideration for the donation. (Stip facts, Ex A.)

During Plaintiffs' appeal to the conference officer, Plaintiffs submitted the same acknowledgment statement, along with a letter dated March 5, 2024, from the pastor with the following statement:

> "This is to verify that in the tax year of 2020 Larry A. and Patti A. Rodgers donated a total of $21,160 in donations to our local church. No good or services were given to them in exchange for any of these donations."

(Stip facts, Ex C.) Despite this acknowledgment, Defendant disallowed Plaintiffs' charitable deduction because the donation exceeded $250, and Plaintiffs failed to provide a contemporaneous acknowledgement that complied with Internal Revenue Code (IRC) section 170(f)(8).

## II. ANALYSIS

The issue in this case is whether Plaintiffs are entitled to a charitable donation deduction despite failing to obtain a contemporaneous written acknowledgment from the church that meets the requirements of IRC section 170(f)(8)(A)-(B). Since there are no material facts in dispute, the case is appropriate for summary judgment. Summary judgment is granted when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *See* Tax Court Rule 47 C; *Tektronix, Inc. v. Dept. of Rev.*, 354 Or 531, 533, 316 P3d 276 (2013).

Although this is a state tax case, Oregon law incorporates federal tax provisions in defining taxable income. *See* ORS 316.022(6).[2] Additionally, Defendant is required to apply federal administrative and judicial interpretations where practical. *See* ORS 316.032(2). Under

---

[2] References to the Oregon Revised Statutes (ORS) are to the 2019 version.

IRC section 170(a)(1), taxpayers may deduct charitable contributions made to qualifying organizations under section 170(c). However, section 170(f)(8) imposes substantiation requirements for contributions of $250 or more. Specifically, section 170(f)(8)(A) states:

> "No deduction shall be allowed under subsection (a) for any contribution of $250 or more unless the taxpayer substantiates the contribution by a contemporaneous written acknowledgment of the contribution by the donee organization that meets the requirements of subparagraph (B)."

For donations of money, the acknowledgment must: (1) state the amount contributed; (2) indicate whether the donee organization provided any goods or services in consideration for the contribution; and (3) if applicable, provide a description and good faith estimate of the value of any goods or services provided by the donee organization. IRC § 170(f)(8)(B); Treas Reg § 1.170A–13(f)(2). A written acknowledgment is contemporaneous if it is obtained by the taxpayer on or before the earlier of: (1) the date the taxpayer files the original return for the taxable year of the contribution or (2) the due date (including extensions) for filing the original return for the year. IRC § 170(f)(8)(C); Treas Reg § 1.170A–13(f)(3).

In this case, Plaintiffs did not provide a proper written acknowledgment meeting IRC section 170(f)(8) requirements until 2024—well after Plaintiffs filed their 2020 tax return on April 27, 2021, and also after the tax return filing deadline of May 17, 2021. Plaintiffs do not dispute that their original acknowledgement lacked the required statement regarding whether good or services were received. Thus, the letter they later provided was not contemporaneous.

Although Plaintiffs did not file a brief, discussions during the case management conference suggest that they argue that their deduction should be allowed because there is no dispute that they made the contributions. The court interprets this as an argument that Plaintiffs are entitled the deduction because they substantially complied with the law.

/ / /

However, in *Durden v Commissioner*, 103 TCM 1762, TC Memo 2012-140, 2012 WL 1758655 (US Tax Ct), the United States Tax Court denied a taxpayer's deduction under similar circumstances where the taxpayer also argued they substantially complied with the substantiation requirements. There, the taxpayer provided receipts from a church, but they failed to include a statement confirming that no goods or services were received in return. *Id.* at *1. The court ruled in favor of the IRS, and the court noted "section 170(f)(8)(A) makes the satisfaction of these requirements mandatory for a written acknowledgment [to] properly * * * substantiate a charitable contribution." *Id.* at *3.

### III. CONCLUSION

After careful consideration, the court finds that Plaintiffs are not entitled to a charitable contribution deduction for their 2020 tax year donations to Full Gospel Church of Sweet Home. The church's acknowledgment failed to meet the strict requirement of IRC section 170(f)(8), and the law does not allow exceptions for substantial compliance in this context. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal for the 2020 tax year is denied.

_____
RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Richard Davis and entered on April 22, 2025.*