# United States Tax Court

T.C. Memo. 2026-39

STEPHEN MARTIN AND AMANDA MARTIN,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 8512-22.                          Filed May 14, 2026.

————

*Michael C. Hamersley* and *Ephraim C. Olson*, for petitioners.

*Alicia E. Elliott*, *Mary K. Black*, and *Michael R. Harrel*, for respondent.


## MEMORANDUM OPINION

PUGH, *Judge*: Petitioners claimed a charitable contribution deduction under section 170[1] for the value of property donated in 2018. Petitioners timely petitioned this Court challenging the Internal Revenue Service's (IRS) Notice of Deficiency disallowing the deduction. Respondent filed a Motion for Summary Judgment contending, among other things, that petitioners failed to substantiate their charitable contribution with a satisfactory contemporaneous written acknowledgment (CWA). Petitioners dispute respondent's determination that the charitable contribution did not satisfy the requirements of section 170.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

**[\*2]**                                     *Background*

The following facts are derived from the parties' filings to date. They are stated solely for the purpose of ruling on the Motion before us and not as findings of fact in this case. *See Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994). Petitioners resided in Utah when they timely filed their Petition, making this case appealable to the U.S. Court of Appeals for the Tenth Circuit absent stipulation to the contrary. *See* § 7482(b)(1)(A), (2).

In 2014 Clint Martin, Stephen Martin's cousin, bid $22,000 to purchase 13.33 acres of property in Highland City, Utah. He won the bid and used funds from Litefoot Investments, LLC—a Utah limited liability company whose members were Clint[2] and Stephen—to purchase the property. Clint executed a warranty deed in 2016 transferring the property to himself and Stephen. Clint and Stephen decided to donate the property to Highland City, and on November 21, 2018, both sent the mayor and City Council a letter offering to donate the property.

On December 4, 2018, the Highland City Council voted to accept the property. The City Council Agenda Report for the meeting stated "[t]here will be no expenditure to Highland City to accept the donation" and the staff recommendation was to accept the donation.

On December 21, 2018, Clint, Stephen, and the mayor of Highland City signed a letter addressed to the mayor and the City Council (Joint Letter).[3] The Joint Letter stated that Clint and Stephen offered "a donation of land" for "[t]he purpose of . . . a conservation contribution" and with the intent for Highland City "to maintain th[e] property in perpetuity as preserved open space." The Joint Letter went on to state that the property "will be donated" with "all taxes paid and current through the end of 2018" and "all costs associated with said donation . . . paid by the donors."

On December 27, 2018, Clint and Stephen signed a warranty deed (2018 deed) conveying the property to Highland City which was recorded, together with the Joint Letter, on December 28, 2018. The 2018 deed stated that the property was conveyed "for and in

---

[2] We use first names to distinguish between participants who share the same last name.

[3] The Joint Letter and the November 21, 2018, letter are almost identical.

[*3] *consideration of the sum of Ten and no/100 Dollars ($10.00), and other good and valuable consideration* in hand paid by" Highland City.

Todd Gurney prepared an appraisal for the property. Mr. Gurney valued the property at $665,000. Petitioners' joint 2018 return, filed April 15, 2019, included two Forms 8283, Noncash Charitable Contributions: one claiming $1,050 for miscellaneous household goods and one claiming $332,500 for the donation of a 50% interest in the property. Stephen, Mr. Gurney, and the Highland City Administrator signed the Form 8283 relating to the property. Petitioners identified the property as a Qualified Conservation Contribution and described it as "Highland Property." Petitioners listed their basis as $35,000. Petitioners also attached Mr. Gurney's appraisal report to the return. Petitioners limited the noncash charitable contribution deduction on their joint 2018 return to 50% of their adjusted gross income ($146,553) and claimed a $29,311 deduction for gifts by cash or check, resulting in a total charitable contribution deduction of $175,864.

The Notice of Deficiency, issued January 19, 2022, disallowed the noncash charitable contribution deduction. Petitioners filed an amended return on April 21, 2022, including an amended Form 8283 that identified the donated property as "Other Real Estate," listed petitioners' basis in the property as $11,000, and stated that the "[p]roperty is in good condition."

Respondent asks us to rule summarily that petitioners are not entitled to a charitable contribution deduction as it relates to the property.[4] Specifically, respondent argues that petitioners failed to (1) obtain a CWA, (2) obtain a qualified appraisal, and (3) attach a complete and correct appraisal summary to their 2018 tax return.

## *Discussion*

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). We grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 121(a)(2). In deciding whether to grant summary judgment, we consider factual

---

[4] Respondent conceded that petitioners are entitled to the $1,050 charitable contribution deduction for household goods. Rule 155 computations therefore will be required.

**[\*4]** materials and inferences drawn from them in the light most favorable to the nonmoving party. *Sundstrand Corp.*, 98 T.C. at 520.

I.    *CWA*

Section 170(f)(8)(A) requires that a contribution of $250 or more be substantiated "by a [CWA] of the contribution by the donee organization." Under section 170(f)(8)(B), the CWA must include:

> (i) The amount of cash and a description (but not value) of any property other than cash contributed.
> (ii) Whether the donee organization provided any goods or services in consideration, in whole or in part, for any property described in clause (i).
> (iii) A description and good faith estimate of the value of any goods or services referred to in clause (ii) . . . .

The requirements of a CWA are strict. *Izen v. Commissioner*, 148 T.C. 71, 76–77 (2017), *aff'd per curiam*, 38 F.4th 459 (5th Cir. 2022); *see also Addis v. Commissioner*, 374 F.3d 881, 887 (9th Cir. 2004) ("The deterrence value of section 170(f)(8)'s total denial of a deduction comports with the effective administration of a self-assessment and self-reporting system."), *aff'g* 118 T.C. 528 (2002). And, critically for this case, "[t]he doctrine of substantial compliance does not apply to excuse the failure to obtain a CWA meeting the statutory requirements." *Izen*, 148 T.C. at 77.

A CWA does not have to take a particular form and may be "made up of a series of documents." *See Irby v. Commissioner*, 139 T.C. 371, 388–89 (2012). Petitioners argue that the Form 8283,[5] the Joint Letter, the 2018 deed, and the city council agenda together constitute the CWA. The question therefore is whether they together satisfy the strict statutory requirements.

---

[5] Petitioners filed the amended Form 8283 three years after filing their original return claiming the charitable contribution deduction and three months after the IRS issued the Notice of Deficiency disallowing the charitable contribution deduction. "Contemporaneous" means the taxpayer must obtain the CWA on or before the earlier of the date the taxpayer files the return claiming the charitable contribution deduction or the due date for the return. § 170(f)(8)(C). Accordingly, we do not consider the amended Form 8283 in our analysis.

[*5]  A.  *Property description*

The Joint Letter identifies the property by parcel number, acreage, and description. The 2018 deed contains the legal description of the property. *See Averyt v. Commissioner*, T.C. Memo. 2012-198, 2012 WL 2891077, at *5. Respondent concedes that these documents describe the property but contends that these descriptions are inadequate under the statute because neither specifies that Stephen is donating his 50% interest in the property. The Joint Letter and the 2018 deed state that the entire parcel was donated and describe it by parcel number and acreage. We conclude that the documents satisfy section 170(f)(8)(B)(i).

B.  *Donee consideration and value*

As to the requirement that the CWA also state whether the donee provided consideration for the contribution, pursuant to section 170(f)(8)(B)(ii), this Court has required an affirmative statement even if the donee provides no consideration. *See Irby*, 139 T.C. at 387–88; *IQ Holdings, Inc. v. Commissioner*, T.C. Memo. 2024-104, at *12; *Schrimsher v. Commissioner*, T.C. Memo. 2011-71, 2011 WL 1135741, at *3; *Friedman v. Commissioner*, T.C. Memo. 2010-45, 2010 WL 845949, at *6–7. We examine the four documents petitioners identified—the Form 8283, the Joint Letter, the 2018 deed, and the city council agenda—in turn.

1.  *Form 8283*

The Form 8283 fails to satisfy section 170(f)(8)(B)(ii) because it does not include a statement that the donee provided no consideration for the donation. *See Cade v. Commissioner*, T.C. Memo. 2025-20, at *9; *Boone Operations Co. v. Commissioner*, T.C. Memo. 2013-101, at *20.

2.  *Joint Letter*[6]

The Joint Letter states that the property is a "donation" and a "gift" for Highland City to maintain "in perpetuity as preserved open

---

[6] Respondent argues that we cannot consider the Joint Letter as part of the CWA, even though it was filed with the 2018 deed, because the land transfer occurred *after* the mayor signed it, so it did not acknowledge something Highland City *had* received. *See Bruce v. Commissioner*, T.C. Memo. 2011-153, 2011 WL 2600906, at *5 ("Black's Law Dictionary defines the term 'acknowledgment' as 'the act of making it known that one *has received* something.'" (emphasis added) (quoting *Acknowledgment*, *Black's Law Dictionary* (7th ed. 1999))). We need not decide this issue because we conclude that the letter fails to satisfy section 170(f)(8)(B)(ii).

[*6] space," contributed "with all taxes paid and current through" 2018, and that Clint and Stephen will pay "all costs associated with said donation." While the Joint Letter describes what Clint and Stephen (the donors) contributed, it does not state explicitly that Highland City (the donee) provided no consideration for the property, and it is silent as to what obligations, if any, the city undertook to "maintain" the property. *See IQ Holdings, Inc.*, T.C. Memo. 2024-104, at *12.

"The express terms of the statute require an affirmative statement." *Durden v. Commissioner*, T.C. Memo. 2012-140, 2012 WL 1758655, at *4. The Joint Letter does not state affirmatively that Highland City did not provide goods or services in exchange for the property. And words such as "donation" or "gift" do not overcome this defect. *See IQ Holdings, Inc.*, T.C. Memo. 2024-104, at *13 ("[T]he word 'donation' is consistent with a gratuitous transfer that is nonetheless reciprocated to some extent by the donee."); *Brooks v. Commissioner*, T.C. Memo. 2022-122, at *12 ("We do not find that use of the word 'donation' necessarily implies that there was no consideration given, in whole or in part."), *aff'd*, 109 F.4th 205 (4th Cir. 2024); *Campbell v. Commissioner*, T.C. Memo. 2020-41, at *24 (concluding that the phrase "generous gift" did not substitute for a statement that the donee did not provide consideration).

### 3. *The 2018 deed*

Consistent with *Irby*, 139 T.C. at 387–88, we have applied the affirmative statement requirement when evaluating deeds of gift as CWAs. *See Schrimsher v. Commissioner*, 2011 WL 1135741, at *3 (concluding that a deed did not satisfy the affirmative statement requirement despite containing a merger clause because it stated that the parties exchanged $10 and "other good and valuable consideration"). More recently we have looked to whether the deed "[t]aken as a whole" contains an "affirmative indication" that the donee provided no consideration for the contribution. *310 Retail, LLC v. Commissioner*, T.C. Memo. 2017-164, at *17. Applying the test we have concluded that the presence of a merger clause satisfies section 170(f)(8)(B)(ii) and the absence of a merger clause does not. *See IQ Holdings, Inc.*, T.C. Memo. 2024-104, at *13 n.21 (describing the test as a "narrow exception" to the affirmative statement requirement). *Compare Big River Dev., L.P. v. Commissioner*, T.C. Memo. 2017-166, at *11–12 (concluding that a deed satisfied the affirmative indication test because it contained a merger clause despite the recitation that the parties exchanged $10 and "other good and valuable consideration"), *with Brooks*, T.C. Memo. 2022-122,

**[\*7]** at \*11–12 (concluding that a deed with the same recitation did not satisfy the affirmative indication test because it did not contain a merger clause).

The 2018 deed does not contain a merger clause. Petitioners argue that the Joint Letter and the 2018 deed would be considered a complete agreement under Utah law having the operative effect of a merger clause. We need not decide what Utah law would provide because petitioners identify no cases (nor did we find any) applying the affirmative indication test to look outside a deed for a merger clause. And it would be contradictory to read a merger clause into a deed to satisfy a statute that, by its express terms, requires a *written* acknowledgment. *See Durden v. Commissioner*, 2012 WL 1758655, at \*4 ("Nothing in the statute . . . requires [the IRS] to look beyond the written acknowledgment when on its face the acknowledgment fails to provide the information required to substantiate a charitable contribution deduction."); *cf. J.R. Simplot v. Chevron Pipeline Co.*, 563 F.3d 1102, 1111 (10th Cir. 2009) (declining to "read an ambiguity" into a contract governed by Utah law where the express terms were unambiguous). We decline to stretch *Big River Development* and *Schrimsher* that far, especially because the merger clauses in those cases foreclosed the possibility of the donor and the donee exchanging consideration outside the deed. *See Big River Dev.*, T.C. Memo. 2017-166, at \*11; *Schrimsher v. Commissioner*, 2011 WL 1135741, at \*3.

The only operative statement in the 2018 deed is that Highland City provided $10 "*and other good and valuable consideration*" for the property. Ignoring or reworking statements in deeds to create a valid CWA risks introducing the doctrine of substantial compliance into a statute where it does not belong. *See also Durden v. Commissioner*, 2012 WL 1758655, at \*3 (explaining that one "essential" purpose of the CWA is to provide the IRS with the information needed to evaluate a charitable contribution deduction).

Therefore, the 2018 deed fails to satisfy the affirmative statement requirement.

4.     *The city council agenda*

While petitioners claim that the statement in the city council agenda report that "[t]here will be no expenditure to Highland City to accept the donation" satisfies the affirmative statement requirement, the agenda preceded the council's vote to accept the donation. We decline

**[\*8]** to conclude that Highland City provided a CWA for something it had yet to accept. *See Bruce v. Commissioner*, 2011 WL 2600906, at \*5–6. Additionally, the statement in the agenda report cannot overcome the statement in the 2018 deed indicating that Highland City provided "other good and valuable consideration" for the property.

The documents taken together do not state that Highland City provided no consideration for the property and consequently do not satisfy section 170(f)(8)(B)(ii). Because they do not state *whether* Highland City provided consideration for the contribution, we cannot estimate the *value* of any consideration provided. *See Schrimsher v. Commissioner*, 2011 WL 1135741, at \*3. Thus, the documents do not satisfy section 170(f)(8)(B)(iii).

Therefore, petitioners did not substantiate their contribution with a proper CWA.

II.    *Conclusion*

We conclude that there is no genuine dispute of fact surrounding the documents petitioners offer as the CWA. The parties did not suggest that the relevant documents were ambiguous; as a matter of law we conclude that their plain words do not constitute a valid CWA. *See J.R. Simplot*, 563 F.3d at 1111 (deciding a question of contract interpretation on the basis of the plain meaning of the contract terms). Failure to comply strictly with the CWA requirements results in the disallowance of the entire deduction. *See* § 170(f)(8)(A) ("No deduction shall be allowed . . . unless the taxpayer substantiates the contribution by a [CWA] . . . ."); *Izen*, 148 T.C. at 77. Consequently, the entire charitable contribution deduction, as it relates to the property, must be disallowed.

We have considered all other arguments made by the parties, and to the extent not discussed above, find those arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

*An appropriate order and decision will be entered.*